IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| H.D. SMITH, LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 16-cv-3280 ) |
| MEDS 2 GO EXPRESS PHARMACY, INC., a West Virginia Corporation, and PHILIP MICHAEL, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| MEDS 2 GO EXPRESS PHARMACY, INC., a West Virginia Corporation, and PHILIP MICHAEL, | ) ) ) ) ) ) |
| Counter-Plaintiffs, | ) ) |
| H.D. SMITH, LLC, a Delaware limited liability company, | ) ) ) ) |
| Counter-Defendant. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion and Brief to Deem Facts Admitted (d/e 19) filed by Plaintiff H.D. Smith, LLC,

and the Motion to Withdraw Default Admissions (d/e 21) filed by Defendants Meds 2 Go Express Pharmacy, Inc. (Express Pharmacy), and Philip Michael. The Court GRANTS Defendants' Motion to Withdraw Default Admissions because doing so promotes the presentation of the merits of the action and any prejudice to Plaintiff is cured by the Court extending the discovery deadline for Plaintiff. Plaintiff's Motion to Deem Facts Admitted is DENIED.

## I. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Complete diversity exists between the parties.

Plaintiff is a single member Delaware limited liability company. Compl. ¶ 1 (d/1-1); Residency Statement (d/e 6). The single member is H.D. Smith Holdings, LLC, a Delaware limited liability company. See Residency Statement. H.D. Smith Holdings, LLC, is also a single member limited liability company, and its single member is H.D. Smith Holding Company, a Delaware corporation. Id. H.D. Smith Holding Company's main office is located in Springfield, Illinois. Id.

Defendant Express Pharmacy is a West Virginia corporation that operates in Alum Creek, West Virginia. Compl. ¶ 2; Notice of Removal ¶ 4 (d/e 1). Defendant Michael is a citizen of West Virginia who resides in Charleston, West Virginia. Notice of Removal ¶ 5.

In addition, the amount in controversy exceeds $75,000 exclusive of interest and costs. In the Complaint, Plaintiff seeks damages in the amount of $103,835.17.

## II. BACKGROUND

In September 2016, Plaintiff filed a complaint against Defendants in the Seventh Judicial Circuit, Sangamon County, Illinois. Defendants removed the action to this Court.

The complaint alleges the following. Plaintiff is engaged in the business of selling health products. In October 2015, Express Pharmacy entered into a Credit Agreement with Plaintiff. From approximately July 1, 2016 through August 25, 2016, Plaintiff provided health products to Express Pharmacy but Express Pharmacy refused to pay the customary charges and associated taxes and fees that were due. Plaintiff brings a breach of contract, quantum meruit, and action on account stated claim against

Express Pharmacy (Counts I, II, III) and a claim against Philip Michael, who executed an individual guarantee (Count IV).

Defendants filed an Answer and Counterclaim (d/e 2). The Counterclaim contains claims for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. Defendants allege that Express Pharmacy entered into a contract with Plaintiff whereby Express Pharmacy would purchase controlled medications from Plaintiff and sell them to customers with valid prescriptions. Defendants specifically allege that, in July 2016, Plaintiff suddenly stopped supplying controlled medications to Pharmacy Express, without any warning or explanation. Pharmacy Express has allegedly suffered damages because of Plaintiff's abrupt termination of shipments of controlled medications.

In December 2016, United States Magistrate Judge Tom Schanzle-Haskins entered a Scheduling Order (d/e 13). The Scheduling Order granted the parties until September 1, 2017 to complete fact discovery.

On June 8, 2017, Plaintiff served upon Defendants a Request to Admit Facts and Genuineness of Documents (Request to Admit)

pursuant to Federal Rule of Civil Procedure 36. The Request to Admit listed 228 facts. Defendants' response was due on or before July 11, 2017. Defendants did not timely respond.

On August 1, 2017, Plaintiff filed a Motion and Brief to Deem Facts Admitted (d/e 19). On August 15, 2017, Defendants responded to the Motion and moved to withdraw the default admissions. See Resp. (d/e 20). Defendants also reported that they responded to the Request to Admit and admitted 195 of the 228 facts. The only explanation for the delay is the statement that "Defendants are involved in two separate criminal matters, which have required much of their counsel's attention." Resp. at 2.

On August 25, 2017, Plaintiff filed a Reply. While replies are generally not permitted for motions other than motions for summary judgment, the Court will accept Plaintiff's document as a response to Defendants' motion to withdraw the default admissions. See CDIL-LR 7.1(B)(3) ("No reply to the response is permitted without leave of Court.").

### III. ANALYSIS

In their Motion to Withdraw Default Admissions, Defendants assert that, even though the response to the Request to Admit was

served 35 days late, the matter should proceed on the merits because discovery has not yet concluded and Plaintiff is not prejudiced by the tardy response. Defendants also indicate that the parties reached an agreement that Defendants would respond to Plaintiff's outstanding Interrogatories and Request to Produce by August 22, 2015.

Plaintiff argues that Defendants could have requested an extension of the 30-day period to respond to the Request to Admit but failed to do so. Instead, Defendants did not respond to the Request to Admit until August 15, 2017, over a month after the deadline and just two weeks before fact discovery closed. Plaintiff asserts it will suffer prejudice because Defendants failed to respond to the Request to Admit until two weeks before the discovery deadline, which leaves little time for Plaintiff to conduct follow-up discovery. Plaintiff also notes that, while the parties did reach an agreement to extend the deadline for Defendants to respond to Plaintiff's Interrogatories and Request to Produce, the agreement was reached only after Plaintiff sent a meet-and-confer letter.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1) relating to: "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is admitted unless the party answers or objects within 30 days after being served. See Fed. R. Civ. P. 36(a)(3) (also noting that a court may order or the parties may stipulate to a longer or shorter time for responding).

In this case, Defendants failed to timely respond to the Request to Admit. Therefore, the facts therein are deemed admitted. See Moses v. U.S. Steel Corp., 946 F. Supp. 2d 834, 840-41 (N.D. Ind. 2013) (because the plaintiff did not answer the request for admissions within the time specified, the matters therein were deemed admitted). The Court has the discretion, however, to permit the withdrawal of the admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ.

P. 36(b); see also Simstad v. Scheub, 816 F.3d 893, 899 (7th Cir. 2016).

The Court will exercise that discretion here. In doing so, the Court does not condone Defendants' untimely response to the Request to Admit. Furthermore, Defendants' excuse for failing to timely respond was vague. Nonetheless, allowing withdrawal of the admissions promotes the presentation of the case on the merits and any prejudice to Plaintiff can be cured by extending the discovery deadline for Plaintiff.

As noted by Defendants, allowing withdrawal of the admissions would promote the presentation of the merits of the case because the admissions would otherwise conclusively establish at least some of the claims in Plaintiff's complaint and Defendants' counterclaim. For example, Plaintiff asked Defendants to admit that Michael did not send written notice of revocation of the individual guarantee and did not receive a written release of the individual guarantee. One of Defendants affirmative defenses is that Plaintiff released "Defendant" from any liability. See Answer and Counterclaim, Eighth Defense. If the admissions are withdrawn, the claims will proceed on the merits.

As for prejudice, Plaintiff bears the burden of establishing that withdrawal of the admissions would result in prejudice. See Banos v. City of Chi., 398 F.3d 889, 893 (7th Cir. 2005) (finding that the defendant met its burden of establishing it would suffer prejudice if the admissions were withdrawn where the plaintiffs sought to revive a previously abandoned theory and the defendant had been subjected to long delays and voluminous discovery); Matthews v. Homecoming Fin. Network, No. 03 C 3115, 2006 WL 2088194, at *3 (N.D. Ill. July 20, 2006) ("The party who obtained the admissions bears the burden of proving that withdrawal of the admissions will result in prejudice."). When considering prejudice, courts consider the difficulty the party opposing the motion to withdraw would face by having to prove facts that the party thought were admitted. See Blow v. Bijora, Inc., 855 F.3d 793, 800 (7th Cir. 2017) (citing Perez v. Miami-Dade Cnty, 297 F.3d 1255, 1266 (11th Cir. 2002) (noting that prejudice "relates to the difficulty a party may face in proving its case" because of the sudden need to obtain evidence previously admitted)); Matthews, 2006 WL 2088194, at *3 (a party does not show prejudice for

purposes of Rule 36 by showing that he will have to argue the merits of the case if the admitted facts are withdrawn).

Plaintiff argues it will suffer prejudice because discovery closes September 1, 2017, which limits Plaintiff's ability to conduct follow-up discovery. The Court can, however, eliminate any such prejudice by extending discovery—for Plaintiff only—to November 1, 2017. See Simstad, 816 F.3d at 899 (finding that the court did not abuse its discretion by permitting the defendants to withdraw their default admissions, noting that any possible prejudice was mitigated by the court reopening discovery for the plaintiffs alone). Therefore, the Court will allow Defendants to withdraw the default admissions.

## IV. CONCLUSION

For the reasons stated, the Court GRANTS Defendants' Motion to Withdraw Default Admissions (d/e 21). Defendants' August 15, 2017 response to the Request to Admit—which includes the admission to 195 facts—will stand. The deadline for the completion of fact discovery is extended—for Plaintiff only—to November 1, 2017. All other dates in the Scheduling Order remain

the same. Plaintiff's Motion to Deem Facts Admitted (d/e 19) is DENIED.

**ENTER: August 29, 2017**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**